IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELLERY CARTER, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-00554-DAE |
| vs. | § § | |
| JAVIER SALAZAR, BEXAR COUNTY SHERIFF;  S.A.P.D.,  B.C.A.D.C.,  US WHITE HOUSE,  BEXAR COUNTY, CITY OF SAN ANTONIO, TX, | § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns the above-styled cause of action, which was referred to the undersigned upon its filing for disposition of Plaintiff's motion to proceed *in forma pauperis* and for a review of the pleadings pursuant to 28 U.S.C. § 1915(e). The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be **dismissed** for want of prosecution.

### I. Background

Plaintiff's Complaint sues the United States White House, Bexar County, the City of San Antonio, Javier Salazar of the San Antonio Police Department, and BCADC (presumably Bexar County Adult Detention Center). Plaintiff's Complaint alleges that he was awakened by someone, presumably an officer, who pulled a firearm on him, assaulted, and tazed him multiple times before arresting him for camping in public. Plaintiff seeks $1.5 million in damages. The record reflects that the Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP") on

May 26, 2020 and ordered the filing of Plaintiff's Complaint [#3].  However, in order to clarify the factual allegations in Plaintiff's Complaint, the Court ordered Plaintiff to file a more definite statement before serving his Complaint on any Defendant.  This Order directed Plaintiff to answer specific questions about the acts of each of the named Defendants and gave Plaintiff 21 days to do so.  The Court warned Plaintiff if he failed to respond to the Order, the Court could dismiss his case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff's More Definite Statement was due on June 16, 2020.  To date, Plaintiff has not filed any additional documents or pleadings with the Court.  A district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b).  In light of Plaintiff's failure to comply with this Court's May 26, 2020 Order, the Court will recommend that Plaintiff's Complaint be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.  Conclusion and Recommendation

Having considered the record in this case, the undersigned recommends that Plaintiff's Complaint be **DISMISSED** for want of prosecution.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 26th day of June, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE